MáNly, J.
 

 This is a bill, filed by certain persons, who represent themselves to be the heirs of John Adderton, and who state that about the year 1838, they obtained from the Court of Equity of Davidson, a decree for the sale of the
 
 *121
 
 lands theretofore belonging to John Adderton, consisting of various parcels; that only a
 
 portion
 
 of a certain parcel called the
 
 mountain tract,
 
 was sold, and they complain that Beverly Surratt, who bought that part, by fraud and management, had it reported as a sale, generally, of the mountain tract, and afterwards, in 1850, procured, through an order of the Court, a deed for the whole tract, and they pray that this deed may be revoked and cancelled, and a deed for the part, only, that was sold, executed.
 

 .The facts appear to be, that the mountain tract, was sepa-ted from the other lands of the deceased. It originally consisted of two parcels — forty acres acquired by purchase from Russell, and fifty-seven, by grant from the State. They were adjoining each other, situated in the mountain district of the county, and designated, together, as the mountain tract. In the petition for the sale, it is set out as the
 
 mountain tract, of about one hundred acres.
 
 It is reported by the master as sold to the defendant. The sales were confirmed by the Court, except as to the Crump tract, which was resold, and afterwards, in 1850, upon proof of the payment of the purchase-money, the Court of Davidson directed a title to be made. In the note given to the master by the defendant, it is stated to be for forty acres of land, and the evidence of witnesses present at the sale, as to what was sold, is conflicting.
 

 Upon the merits of this controversy, we think the case is with the defendant. The conflicting evidence afforded by the contents of the note, on the one hand, and the report of the master on the other, and by the contradictory recollections of the bystanders, might leave the matter in doubt; but when you add the considerations, that no attempt was made to resell the part alleged to have been left, and no charge taken of it, from that day to the time this dispute arose, and that it, alone, remained unsold, of all the lands of the deceased, the conclusion is irresistible, that it must have been considered by all parties, as sold under the decree.
 

 It seems to us the'equity of the bill is overturned by force, alone, of the record of proceedings in 1888, upon the petition
 
 *122
 
 for the sale. It is “ordered that the mountain tract of about 100 acres,” be sold. The master reports that lie had sold the
 
 “
 
 mountain tract” without qualification, and the sale is confirmed. Until that time, the petitioners had a day in court to object and to rectify. After that, the contract of sale is complete and valid.
 

 The title follows the payment of the purchase-money, as a matter of course, the previous orders standing unreversed.
 

 The equit}*- of the bill, in any view of it, is unsustaiued by the proofs, and the bill must be dismissed with costs.
 

 Pee CubiaM, Bill dismissed.